UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| HARISH CHANDNA, M.D., DAKSHESH §<br>"KUMAR' PARIKH, M.D., AND AJAY §<br>GAALLA, M.D., §<br>　　Plaintiffs §<br>　　§<br>v. §<br>　　§<br>　　§<br>CITIZENS MEDICAL CENTER, §<br>DAVID P. BROWN, DONALD DAY, §<br>JOE BLAND, §<br>ANDREW CLEMMONS, M.D., §<br>JENNIFER HARTMAN §<br>PAUL HOLM §<br>LUIS GUERRA, and §<br>WILLIAM TODD CAMPBELL, J.R., M.D. §<br>　　Defendants §| Civ. No. 6:10-cv-14 |

## ORDER

On March 10 and March 11, 2010, the Court held a hearing to consider Plaintiffs' request for a preliminary injunction in the above-styled action. Plaintiffs seek to enjoin Citizens Medical Center ("CMC") from implementing its Board Resolution contained in Defendants' February 17, 2010 letter ("Board Resolution") (D.E. 1, Exh. A), specifically Action 1, which would limit Plaintiffs' exercise of their hospital privileges, namely their ability to provide cardiology care and treatment to their patients at CMC after February 24, 2010. (D.E. 1, Exh. A at 2 ("Only those physicians who are contractually committed to the Hospital to participate in the Hospital's on-call emergency room coverage program shall be permitted to exercise clinical privileges in the cardiology department or as part of the Hospital's heart program.") Upon review of the materials submitted by the parties

and after a hearing, the Court determines that Plaintiff's request for a preliminary injunction is GRANTED at this time.

To obtain a preliminary injunction, the plaintiff bears the burden of persuasion on four elements: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006). After reviewing the evidence and pleadings on file, considering the testimony of the witnesses at the hearing, and listening to the arguments of counsel, the Court finds that Plaintiffs have met their burden on all four factors. Specifically, the Court finds:

1. Plaintiffs have a substantial likelihood of success on the merits related to their claims of substantive due process violations, as Plaintiffs have demonstrated that they have a property interest in their staff privileges at CMC, Darlak v. Bobear, 814 F.2d 1055, 1061 (5th Cir. 1987), and the decision to deny Plaintiffs staff privileges was based upon economic considerations rather than "grounds that are reasonably related to the purpose of providing adequate medical care." Hyde v. Jefferson Parish Hosp. Dist. No. 2, 764 F.2d 1139, 1141 (5th Cir. 1985) (internal quotation marks omitted); Sosa v. Board of Managers of Val Verde Memorial Hosp., 437 F.2d 173, 176-77 (5th Cir. 1971).

2. Plaintiffs have demonstrated that there is a substantial threat of irreparable injury if the injunction is not issued and the Board Resolution is allowed to go

into effect. Specifically, Plaintiffs have shown that they will lose the goodwill of their medical practice and patient loyalty at CMC and suffer irreparable injury to their reputation in their field if CMC is not enjoined from implementing its Board Resolution.

3. Plaintiffs have demonstrated that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted. Plaintiffs have shown that they receive a significant number of patients at CMC, whom they would be unable to treat if the Board Resolution were allowed to go into effect. Plaintiff Parikh in particular has the greatest number of cardiology patients in the Victoria community, and his practice would be significantly limited by the Board Resolution. The evidence has also demonstrated that 66% of ambulances in the Victoria area bring patients to CMC, rather than DeTar Hospital, where Plaintiffs also retain staff privileges, and approximately 40% of all CMC patients are admitted through the emergency room. As such, Plaintiffs inability to practice at CMC would significantly limit their ability to provide care for patients in emergency cases. Defendants, in contrast, have not sufficiently shown that they would be harmed by the issuance of the preliminary injunction, other than speculation that Dr. Yusuke Yahagi, the cardiovascular surgeon at CMC with whom Plaintiffs had disagreements, might leave CMC if Plaintiffs retain their staff privileges.

4. Plaintiffs have demonstrated that the grant of a preliminary injunction will in fact serve the public interest, as it will allow cardiac patients who present at

CMC to be seen by the physician of their choice. During the hearing, several patients testified that they presented to the emergency room at CMC after this Court's issuance of the Temporary Restraining Order and asked to be treated by Plaintiffs, but were told that they were unavailable and no longer had staff privileges at CMC. Moreover, the treating physician never contacted Plaintiffs to obtain a medical history for these patients. This situation would continue if the preliminary injunction were not granted, particularly in the case of CMC patients who cannot be admitted or transferred to DeTar Hospital due to the nature of their condition or insurance limitations. Overall, issuance of the preliminary injunction will help ensure the continued quality of health care in the Victoria community.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that Plaintiffs' request for a preliminary injunction is GRANTED, and that Defendants and their agents, servants, representatives and employees, and all those acting in aid of and in concert with them are immediately enjoined and prevented from implementing Action 1 of the Board Resolution, which provides, "[o]nly those physicians who are contractually committed to the Hospital to participate in the Hospital's on-call emergency room coverage program shall be permitted to exercise clinical privileges in the cardiology department or as part of the Hospital's heart program." (D.E. 1, Exh. A at 2.)

Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs are to provide a $500 (five hundred dollar) cash bond to the Clerk of the Court by noon on Friday, March 12, 2010.

The Court will entertain a motion to reconsider this Order at a future time and may consider further evidence on this issue at that time. This Order shall remain in effect until the Court orders otherwise.

SIGNED and ORDERED this 12th day of March, 2010.

_____
Janis Graham Jack
United States District Judge