UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AJAY GAALLA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. V-10-14 |
| § | |
| CITIZENS MEDICAL CENTER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On this day came on to be considered Plaintiffs' Motion to Extend Deadline for Joinder of Parties. (D.E. 64.) Plaintiffs seek to amend the joinder deadline, presently May 14, 2010 (D.E. 28 ¶ 6), "until [Citizens Medical Center ('CMC')] produces responsive documents and Plaintiffs have had an opportunity to review those documents." (D.E. 64 at 3.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit applies a four-factor balancing test to determine whether "good cause" exists: "(1) the explanation for the failure to adhere to the deadline at issue; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice; and (4) the availability of a continuance to cure such prejudice." Hernandez v. Mario's Auto Sales, Inc., 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)); S & W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, N.A., 315 F.3d 533, 535. "Notwithstanding this four-factor test, the court still has the inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion. The purpose of a scheduling order is to allow the

1

district court to control and expedite pretrial discovery matters. Scheduling orders and their enforcement are regarded as essential in ensuring that cases proceed to trial in a just, efficient, and certain manner. To achieve this end, the Court is given broad discretion so that the integrity and purpose of the pretrial order may be preserved." Hernandez, 617 F. Supp. 2d at 493 (internal quotation marks and citations omitted).

In their Motion, Plaintiffs argue that Defendant CMC has not produced documents requested during discovery, despite the April 12, 2010 deadline to do so under Federal Rule of Civil Procedure 34(b). Plaintiffs state that without these documents, they cannot determine whether additional parties should be joined in this action, and they would be prejudiced if the deadline were not extended. (D.E. 64 at 1-3.)

The Court finds that Plaintiffs have failed to demonstrate good cause to extend the joinder deadline. At no point until now have Plaintiffs raised the joinder issue. In their Joint Discovery / Case Management Plan, they listed "none" in response to "anticipated additional parties that should be included." (D.E. 19 at 2.) Plaintiffs waited until the day of the joinder deadline to file this Motion, and raise only the speculative possibility that additional parties may be discovered after receiving and reviewing discovery responses. Plaintiffs were aware since April 12, 2010 that a discovery dispute existed between the parties, and should have contacted the Court to resolve the issue before it began to interfere with Scheduling Order deadlines. (D.E. 26 at 1 ("Each party is ordered to bring any discovery issue to the Court's attention immediately. At the first sign of a discovery problem, all parties shall make a joint telephone call to the case manager who will schedule a joint conference call with the Court that same day.").) The Court will not excuse this failure by extending the joinder deadline.

In addition, the Court is concerned about extensions to the Scheduling Order that may delay resolution of this case, particularly in light of the preliminary injunction that has prevented Defendants from issuing their proposed February 17, 2010 Board Resolution. (D.E. 29.) Extending the deadline would be inconsistent with the Court's obligation to ensure that this case "proceed[s] to trial in a just, efficient, and certain manner." Hernandez, 617 F. Supp. 2d at 493.

In sum, the Court finds that Plaintiffs have not demonstrated good cause for modification of the Court's Scheduling Order. As such, Plaintiff's Motion to Extend Deadline for Joinder of Parties is DENIED. (D.E. 64.)

SIGNED and ORDERED this 18th day of May, 2010.

_____
Janis Graham Jack
United States District Judge