UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

AJAY GAALLA, *et al*,                    §
                                         §
            Plaintiffs,                  §
VS.                                      §      CIVIL ACTION NO. V-10-14
                                         §
CITIZENS MEDICAL CENTER, *et al*,        §
                                         §
            Defendants.                  §

<u>**ORDER**</u>

On this day came on to be considered (1) Citizens Medical Center's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 78); (2) David P. Brown, Donald Day, Joe Bland, Andrew Clemmons, M.D., Jennifer Hartman, Paul Holm, and Luis Guerra's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 79); and (3) William Todd Campbell, Jr., M.D.'s Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 81). For the reasons stated herein, the Court GRANTS each Partial Motion to Dismiss. (D.E. 78, 79, 81.)

**I.      Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law causes of action.

**II.     Factual and Procedural Background**

Plaintiffs Ajay Gaalla, M.D., Harish Chandna, M.D., and Dakshesh Parikh, M.D. filed this action on February 24, 2010. (D.E. 1.) Plaintiffs filed an Amended Complaint on April 6, 2010. (D.E. 45.)

Plaintiffs are licensed cardiologists who have privileges at Citizen's Medical Center ("CMC") in Victoria, Texas.  This action arises from a February 17, 2010 letter from CMC to Plaintiffs that included an undated and unsigned CMC Board Resolution (the "Board Resolution"), which purported to exclude all physicians from the CMC cardiology department who were not contractually committed to participate in CMC's on-call emergency room coverage program and precluded such physicians (including Plaintiffs) from exercising their clinical privileges at CMC.  (D.E. 45 at 4.)  Although this action was purportedly taken due to "operational problems," Plaintiffs contend that these reasons were a mere "pretense," and rather the real reason for revoking their privileges was economic, namely that Plaintiffs refused to refer their surgical patients to Dr. Yusuke Yahagi, a cardiothoracic surgeon at CMC, when they believed that such referrals were not in their patients' best interests.  (D.E. 45 at 5.)  Plaintiffs contend that "CMC [was] upset that the Physicians are not making their decisions based on the best economic interests of CMC," and other physicians who referred all cardiac surgical cases to Dr. Yahagi were "granted the exclusive right to perform cardiology services at CMC."  (D.E. 45 at 5.)  Plaintiffs further allege that Defendant Campbell "promoted CMC's closure of the cardiology department for reasons that benefit him financially."  (D.E. 45 at 5.)  Finally, Plaintiffs allege that CMC is "engaged in the unauthorized practice of medicine by illegally employing the five cardiologists who retained their clinical privileges at CMC following the Board Resolution."  (D.E. 45 at 8.)

Plaintiffs originally brought several causes of action, namely: (1) declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendants' actions violated Section 241.1015 of the Texas Health and Safety Code and the Anti-

Kickback Statute, 42 U.S.C. § 1320a-7b (D.E. 1 at 7-8), (2) violation of substantive due process under 42 U.S.C. § 1983 (D.E. 1 at 8-10), (3) RICO violations (D.E. 1 at 10-11), and (4) civil conspiracy (D.E. 1 at 11-12).   Plaintiffs sought injunctive relief and damages.  (D.E. 1 at 12-13.)

On March 12, 2010, the Court held a hearing in which it granted Plaintiffs' request for a preliminary injunction.  (D.E. 29.)  As part of this Order, the Court found that Plaintiffs had a substantial likelihood of success only with respect to their claims for substantive due process violations.  (D.E. 29 at 2.)  Thereafter, on April 6, 2010, Plaintiffs filed an Amended Complaint, restating the allegations made in their Original Complaint but altering their causes of action.  The First Amended Complaint states the following causes of action: (1) declaratory judgment that Defendants' actions violated Section 241.1015 of the Texas Health and Safety Code and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b (D.E. 45 at 8-10),[1] (2) violation of substantive and procedural due process (D.E. 45 at 10-12), (3) tortious interference with contractual relations (D.E. 45 at 12-13), (4) tortious interference with prospective relations (D.E. 45 at 13-14), (5) defamation (D.E. 45 at 14-15), and (6) civil conspiracy (D.E. 45 at 14-15).  Plaintiffs seek a permanent injunction preventing implementation of the Board Resolution, and damages.  (D.E. 45 at 16-17.)

Defendants now seek to dismiss pursuant to Rule 12(b)(6) Plaintiffs' first cause of action, namely the request for declaratory judgment as to Defendants' alleged violation of the Texas Health and Safety Code and the Anti-Kickback Statute, on the basis that these

---

[1] As certain Defendants note, the Amended Complaint is not entirely clear as to which individuals are alleged to have violated the Anti-Kickback Statute.  (D.E. 79 at 2 n.1.)  As the Court dismisses the Anti-Kickback claim in its entirety, it need not address this issue.

statutes lack a private cause of action.  (D.E. 78, 79, 81.)  Plaintiffs filed Responses on June 29, 2010.  (D.E. 83, 84, 85.)

## III.    Discussion

### A.        Rule 12(b)(6) Standard

To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs' Amended Complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations' are not required." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

However, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556).  A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." Id. at 1949-50.

Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Alcala v. Texas Webb County, 620 F. Supp. 2d 795, 801 (S.D. Tex. 2009).

### B.        Failure to State Claim for Declaratory Relief

Defendants seek dismissal of Plaintiffs' cause of action for a declaratory judgment that Defendants' proposed enactment of the Board Resolution violates Section

241.1015 of the Texas Health and Safety Code and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.  Defendants argue that as neither statute creates a private cause of action, Plaintiffs may not seek declaratory judgment under either statute.  (D.E. 78 at 1-3; D.E. 79 at 1-2; D.E. 81 at 1-3.)  Plaintiffs admit that neither statute provides for a private right of action, but contend that they may still seek a declaratory judgment under these statutes. (D.E. 83 at 1-2; D.E. 84 at 1-2; D.E. 85 at 1-2.)

The Court briefly addresses the private right of action under each statute, then turns to the primary issue in contention between the parties, that is, the availability of declaratory judgment relief.

> **1.     No Private Right of Action under Texas Health and Safety Code, Section 241.1015 or Anti-Kickback Statute, 42 U.S.C. § 1320a-7b**

Neither Section 241.1015(b) of the Texas Health and Safety Code nor Section 1320a-7b of the Anti-Kickback Statute provides for a private right of action.  With respect to Section 241.1015, the Texas Court of Appeals in Cole v. Huntsville Mem'l Hosp., 920 S.W.2d 364, 372 (Tex. App. – Houston [1st Dist.] 1996, writ denied) explained, "[the] statutory framework shows the legislature's intent to allow administrative agencies to enforce the provisions of chapter 241. . . . There is one exception under the enforcement provision of the statute: the legislature expressly provided a private cause of action under section 241.056, which allows persons injured by a hospital's patient transfer policy to sue. If a statute refers to a person, thing, or consequence, it excludes all others. **By expressly granting a private cause of action to one class of persons, the legislature evidenced its intent not to grant a private cause of action to other classes of persons** . . . ."  920 S.W.2d at 372 (emphasis added); see

also <u>Stephan v. Baylor Med. Ctr. at Garland</u>, 20 S.W.3d 880, 886 (Tex. App. – Dallas 2000, no pet.).[2]

As to the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, although the Fifth Circuit has not definitively ruled on this issue, courts within this Circuit have rejected private rights of action under the Anti-Kickback Statute, Section 1320a-7b(b).  <u>See</u> <u>U.S. ex rel. Reagan v. East Texas Medical Center Regional Healthcare</u>, 274 F. Supp. 2d 824, 839 (S.D. Tex. 2003) ("[I]n citing [42 U.S.C. § 1320a-7b], Reagan has provided no authority that would allow her to pursue such a claim. In fact, she has not shown, or even argued, that the statute permits a private right of action, and such a right is unlikely to be recognized in this circuit."); <u>see also</u> <u>Zichichi v. Jefferson Ambulatory Surgery Center, LLC</u>, 2007 WL 3353304, at *7 (E.D. La. Nov. 7, 2007) ("[T]here is no private right of action under 42 U.S.C. § 1320a-7b(b)."); <u>RGB Eye Associates, P.A. v. Physicians Resource Group, Inc.</u>, 1999 WL 980801, at *10 n.9 (N.D. Tex. Oct. 27, 1999) ("Th[e] [Anti-Kickback Statute] imposes criminal penalties for certain unlawful acts. It does not expressly create a private right of action, and the court has located no authority that holds that it does.").

Other courts have similarly concluded that the Anti-Kickback Statute lacks a private right of action.  <u>See, e.g.</u>, <u>U.S. ex rel. Barrett v. Columbia/HCA Healthcare Corp.</u>, 251 F. Supp. 2d 28, 37 (D.D.C. 2003) ("Relators include a direct cause of action under the Anti-Kickback Act, 42 U.S.C. § 1320a-7b(b).  There is no private right of action

---

[2] This Court's own review of Chapter 241 also leads to the conclusion that Plaintiffs lack a private cause of action to enforce Section 241.1015(b).  Subchapter E, in which Section 241.1015 is located, fails to provide for a private right of action.  Subchapter B of Chapter 241, titled "Enforcement," refers to actions by the Texas Department of Health, the Commissioner of Health, the Texas Attorney General, or a district or county attorney.  Tex. Health & Safety Code § 241.054.  Section 241.056 refers to suits by persons "harmed by a violation under Sections 241.028 or 241.055," but does not address Section 241.1015.  <u>Id.</u> § 241.056(a).  No other provision of Subchapter B or any other part of Chapter 241 creates an express or implied private right of action to enforce Section 241.1015.

under the Anti-Kickback Act.") (citing <u>West Allis Memorial Hosp., Inc. v. Bowen</u>, 852 F.2d 251, 255 (7th Cir. 1988)); <u>Donovan v. Rothman</u>, 106 F. Supp. 2d 513, 516 (S.D.N.Y. 2000) ("There is no private cause of action to redress violations of the federal anti-kickback statute, 42 U.S.C. § 1320a-7b(b), the infraction of which is a crime.").

In light of the foregoing, the Court concludes that neither Section 241.1015 of the Texas Health and Safety Code nor the Anti-Kickback Statute provide for a private cause of action. The question now is whether this lack of a private cause of action precludes a declaratory judgment under 28 U.S.C. § 2201.

### 2.     Declaratory Judgment, 28 U.S.C. § 2201

The Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201. In <u>Schilling v. Rogers</u>, the Supreme Court explained that "the Declaratory Judgments Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right. No such right exists here." 363 U.S. 666, 677 (1960).

Although the Fifth Circuit has not definitively ruled on this issue, courts within this Circuit to have considered this issue have concluded that declaratory judgment under 28 U.S.C. § 2201 is not available where the substantive statute at issue does not provide a private right of action. <u>See</u> <u>Association of American Physicians & Surgeons, Inc. v. U.S. Dep't of Health & Human Servs.</u>, 224 F. Supp. 2d 1115, 1129 (S.D. Tex. 2002) ("The [Paperwork Reduction Act] does not create a private right of action. Since neither [Health

and Human Services] nor any other governmental body has commenced any administrative or judicial action against them, plaintiffs cannot seek a declaratory judgment invalidating the Privacy Rule on the grounds that it violates the provisions of the PRA.") (internal citations omitted); RGB Eye Associates, P.A. v. Physicians Resource Group, Inc., 1999 WL 980801, at *10 n.9 (N.D. Tex. Oct. 27, 1999) ("Although count eight clearly alleges a Declaratory Judgment action pursuant to 28 U.S.C. § 2201 rather than an action under 42 U.S.C. § 1320a-7b(b), et seq., plaintiffs assert in the jurisdictional allegation of their complaint that federal question jurisdiction is in part based on 'the Federal Anti-Kickback Statute.' The court disagrees. This statute imposes criminal penalties for certain unlawful acts. It does not expressly create a private right of action, and the court has located no authority that holds that it does. Accordingly, plaintiffs cannot invoke this court's original jurisdiction on this basis.").

Many courts elsewhere have come to the same conclusion in recent decisions. See e.g., Durr v. Strickland, 602 F.3d 788, 789 (6th Cir. 2010); Qwest Communications Corp. v. Maryland-National Capital Park & Planning Comm., 2010 WL 1980153, at *11 (D. Md. May 13, 2010); Villasenor v. Am. Signature, Inc., 2007 WL 2025739, at *6 (N.D. Ill. July 9, 2007); Church of Scientology Int'l v. Kolts, 846 F. Supp. 873, 882 (C.D. Cal. 1994); Williams v. Nat'l School of Health Tech., Inc., 836 F. Supp. 273, 281 (E.D. Pa. 1993).

Plaintiffs fail to cite convincing case law against the weight of this authority. (D.E. 83 at 2; D.E. 84 at 2; D.E. 85 at 2.)  The Western District of Texas decision in Texas Pharmacy Association v. Prudential Insurance Company of America, while generally supporting Plaintiff's position, cites no authority in support of its conclusion

that a declaratory judgment could issue without a private right of action.  907 F. Supp. 1019, 1023 n.6 (W.D. Tex. 1995).   The Hancock v. Baker decision, also cited in Plaintiffs' Responses, addressed declaratory judgment under Texas law, Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a), not federal law, and in any event the decision does not expressly address the issue before the Court.   Hancock v. Baker, 263 Fed. Appx. 416, 419-20 (5th Cir. 2008).   Finally, while Securities Industry Association v. Board of Governors of the Federal Reserve does state that the existence of a private right of action is "simply irrelevant" in the declaratory judgment context, this appears to be against the weight of the more recent authority on this issue discussed above.   628 F. Supp. 1438, 1441 (D.D.C. 1986).

The Court concludes that Plaintiffs may not use the Declaratory Judgment Act to seek a declaration that Defendants have violated Section 241.1015(b) of the Texas Health and Safety Code and the Anti-Kickback Statute, 42 U .S.C. § 1320a-7b(b).   To rule otherwise would be to create a private right of action where none exists.   See Qwest Comm. Corp., 2010 WL 1980153, at *11 ("[T]he Court concludes that there is no private right of action for damages under § 253. Allowing Qwest to proceed in a declaratory judgment action with § 253 as the source of the underlying substantive law is tantamount to allowing a private cause of action.").   Moreover, it would essentially transform the Declaratory Judgment Act into an independent jurisdictional source for any statute, which the Supreme Court has made clear it is not.   Schilling, 363 U.S. at 677.

In light of the foregoing, the Court must GRANT Defendants' Partial Motions to Dismiss Plaintiffs' declaratory judgment cause of action with respect to Section

241.1015(b) of the Texas Health and Safety Code and the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b).  (D.E. 78, 79, 81.)

## IV.    Conclusion

For the reasons stated above, the Court GRANTS (1) Citizens Medical Center's ("CMC") Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 78); (2) David P. Brown, Donald Day, Joe Bland, Andrew Clemmons, M.D., Jennifer Hartman, Paul Holm, and Luis Guerra's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 79); and (3) William Todd Campbell, Jr., M.D.'s Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (D.E. 81).  The Court DISMISSES Plaintiffs' Declaratory Judgment cause of action. (D.E. 45 ¶¶ 27-30.)  The following causes of action remain:

1.   Violation of Substantive and Procedural Due Process against Defendant CMC (D.E. 45 ¶¶ 31-40).

2.   Tortious Interference with Contractual Relations against Defendant Campbell (D.E. 45 ¶¶ 41-43).

3.   Tortious Interference with Prospective Relations against Defendant Campbell (D.E. 45 ¶¶ 44-45).

4.   Defamation against Defendant Campbell (D.E. 45 ¶¶ 46-47).

5.   Civil Conspiracy against all Defendants (D.E. 45 ¶¶ 48-50).

SIGNED and ORDERED this 30th day of June, 2010.

_Janis Graham Jack_
Janis Graham Jack
United States District Judge