UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AJAY GAALLA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. V-10-14 |
| § | |
| CITIZENS MEDICAL CENTER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On this day came on to be considered Plaintiffs' Motion for Leave to File Third Amended Complaint.  (D.E. 105.)  Plaintiffs filed this Motion on October 1, 2010, seeking leave to (1) provide a current verification page in support of the request for injunctive relief; (2) clarify that Plaintiffs are seeking mental anguish damages; and (3) include an allegation in Plaintiffs' substantive due process claim that Defendants' arbitrary and capricious conduct in passing the resolution at issue in this case violated Chapter 241 of the Texas Health and Safety Code.  (D.E. 105 at 1.)  Plaintiffs previously filed a Second Amended Verified Complaint on August 6, 2010.  (D.E. 91.)

The deadline for amendment of pleadings in this action was August 16, 2010.  (D.E. 28 at 2.)  Federal Rule of Civil Procedure 16(b)(4) governs amendment of pleadings after a scheduling order deadline has expired.  S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).  It provides: "a schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). Only on a showing of good cause will the more liberal standard of Rule 15(a) apply.  315 F.3d at 536.  The following four factors are relevant in evaluating a motion to amend after a scheduling order deadline has expired: "'(1) the explanation for

the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" 315 F.3d at 536.

Here, Plaintiffs seek to amend their Complaint more than a month after the deadline set out in this Court's Scheduling Order. Plaintiffs do not cite the "good cause" standard of Rule 16(b)(4), let alone explain why this Motion was not made within the established deadline. Instead, Plaintiffs contend only that "[b]ecause Plaintiffs' depositions have not been scheduled and discovery is ongoing, Defendants will suffer no prejudice by the proposed amendments." (D.E. 105 at 1, 2.) Even if this were true, the "good cause" factors do not favor amendment. First, Plaintiffs have failed to explain their failure to timely move for leave to amend. They do not, for example, suggest that the new claims or allegations were discovered for the first time during discovery, or that they were otherwise previously unavailable. Second, while the amendment is important to the extent that it would provide additional allegations or theories of recovery, Plaintiffs have not shown that this late amendment is vital to their case.[1] Third, contrary to Plaintiffs' contentions, allowing this amendment may prejudice Defendants, in light of several important upcoming deadlines in this action, such as the dispositive motions deadline (November 15, 2010), and the discovery deadline (November 30, 2010). (D.E. 28 at 2.) Finally, although a continuance may cure some of the likely prejudice, the Court is not inclined to order such a continuance in this action, particularly in light of the preliminary injunction that has been in place since March 12, 2010. (D.E. 29.)

---

[1] In fact, the Court has already dismissed Plaintiff's declaratory judgment claim related to Chapter 241 of the Texas Health and Safety Code, finding that it lacks a private cause of action. (D.E. 86.)

For these reasons, the Court DENIES Plaintiffs' Motion for Leave to File Third Amended Complaint. (D.E. 105.) The Court STRIKES Plaintiffs' Third Amended Verified Complaint for Damages and Injunctive Relief. (D.E. 106.)

SIGNED and ORDERED this 4th day of October, 2010.

_____
Janis Graham Jack
United States District Judge