UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AJAY GAALLA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. V-10-14 |
| | § | |
| CITIZENS MEDICAL CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Plaintiffs' Motion for Partial Summary Judgment on Defendant William Todd Campbell Jr. M.D.'s Affirmative Defenses of Official and Sovereign Immunity (the "Motion"). (D.E. 112.) For the reasons stated herein, the Motion is DENIED.

### I. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiffs bring this action in part under 42 U.S.C. § 1983.

### II. Factual and Procedural Background

The general factual and procedural background of this case is recounted in this Court's June 30, 2010 Order. (D.E. 86.) Plaintiffs' Second Amended Complaint names Dr. William Todd Campbell, Jr. as a defendant, and states claims against Dr. Campbell for tortious interference with contractual relations, tortious interference with prospective relations, and defamation. (D.E. 91 at 20-26.) Dr. Campbell filed an answer on August 23, 2010, in which he raised, <u>inter alia</u> the affirmative defenses of official immunity and the Texas Tort Claims Act, based upon the Physicians Employment Agreement between himself and Citizens Medical Center ("CMC") a county-owned hospital, dated June 19,

2007 (the "CMC Employment Agreement").  (D.E. 96 at 15-16.)  The CMC Employment Agreement provides, with respect to the "relationship between the parties":

> The relationship between the Hospital [CMC] and the Employee [Dr. Campbell] shall be that of an **employer and employee**.  Employee shall be in the paid service of Hospital (a governmental unit) and, as such, the Hospital has the legal right to control the tasks performed by Employee pursuant to this Agreement.  **Employee shall not be an independent contractor.**  Employee shall not have authority to enter into any contracts binding upon the Hospital or to create any obligations on behalf of the Hospital without authorization from the Hospital.  All fees, compensation, monies, and other things of value, realized as a result of the rendition of professional medical services by Employee from any source shall belong to and be paid and delivered forthwith to the Hospital.

(D.E. 112-2 at 8) (emphasis added).  On October 15, 2010, Plaintiffs filed the Motion presently before the Court.  The Motion is based upon the CMC Employment Agreement, which Plaintiffs argue is invalid because it violates the Texas Medical Practice Act's prohibition on the corporate practice of medicine.  Because the CMC Employment Agreement is invalid, Plaintiffs contend, Dr. Campbell is not a "governmental employee" and therefore may not raise any governmental immunity defense.  (D.E. 112 at 1-2.)  Defendant Campbell filed a Response on November 5, 2010.  (D.E. 119.)  Plaintiffs filed a Reply on November 8, 2010 (D.E. 122), which they amended on November 9, 2010 (D.E. 126), and Defendant filed a Surreply on November 8, 2010. (D.E. 124.)  The Court heard oral arguments on December 16, 2010.

### III. Discussion

#### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The substantive law

identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Rivera, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

Plaintiffs request partial summary judgment pursuant to former Federal Rule of Civil Procedure 56(d). Under former Rule 56(d)(2), "[a]n interlocutory summary

judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damages." Fed. R. Civ. P. 56(d)(2). "A partial summary judgment order in accordance with Rule 56(d) is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." F.D.I.C. v. Massingill, 24 F.3d 768, 774 (5th Cir. 1994); see Preston Exploration Co. v. Chesapeake Energy Corp., __ F. Supp. 2d __, 2010 WL 2357876, at *1 n.1 (S.D. Tex. June 11, 2010) (citing Massingill). "Rule 56(d) empowers the Court to determine what material facts are not genuinely at issue, where summary judgment is not rendered on the whole action, so as to clarify the triable issues that remain." Barrington Group Ltd., Inc. v. Classic Cruise Holdings S. De R.L., 2010 WL 184307, at *4 (N.D. Tex. Jan. 15, 2010) (internal quotation marks omitted).

B.  **Official Immunity**

A governmental employee is entitled to official immunity for (1) the performance of discretionary duties (2) that are within the scope of the employee's authority (3) provided that the employee acts in good faith. Telthorster v. Tennell, 92 S.W.3d 457, 461 (Tex. 2002). To obtain summary judgment on the affirmative defense of official immunity, the party claiming the defense must conclusively prove each element of the defense. Daniels v. Kelley, 2010 WL 2935789, at *3 (Tex.App.-San Antonio July 28, 2010). Official immunity is preserved in the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code § 101.026 ("To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this chapter."). To qualify for Texas Tort Claims Act immunity protection, an individual must establish that he is an employee of a governmental entity. § 101.106(a). At issue here is whether Dr. Campbell is a

"governmental employee." As noted above, Plaintiffs contend that Dr. Campbell is not entitled to immunity because his CMC Employment Agreement is illegal.

### C.      Corporate Practice of Medicine

Under the "corporate practice of medicine" doctrine contained in the Texas Medical Practice Act and codified in the Texas Occupations Code, the practice of medicine is restricted to licensed physicians. See Tex. Occ. Code Ann. § 164.052(a)(17) (Vernon Supp. 2008); see also § 165.156; § 155.001 ("A person may not practice medicine in this state unless the person holds a license issued under this subtitle."). Section 164.052(a)(17) provides, "a physician or applicant for a license to practice medicine commits a prohibited practice if that person: directly or indirectly aids or abets the practice of medicine by a person, partnership, association, or corporation that is not licensed to practice medicine by the board." Tex. Occ. Code § 164.052(a)(17); Gupta, 140 S.W.3d at 752.

"When a corporation comprised of lay persons employs licensed physicians to treat patients and the corporation receives the fee, the corporation is unlawfully engaged in the practice of medicine." Gupta v. Eastern Idaho Tumor Inst., Inc., 140 S.W.3d 747, 752 (Tex. App.-Houston [14th Dist.] 2004, pet. denied). "The purpose of [the prohibition on the corporate practice of medicine] is to preserve the vitally important doctor-patient relationship and prevent possible abuses resulting from lay control of corporations employing licensed physicians to practice medicine." Gupta, 140 S.W.3d at 752; Fite v. Emtel, Inc., 2008 WL 4427676, at *6 (Tex. App. – Houston [1st Dist.] Oct. 2, 2008) (citing Gupta); see generally Flynn Brothers, Inc. v. First Med. Assoc., 715 S.W.2d 782 (Tex. App. – Dallas 1986) ("Under the Medical Practices Act and its predecessors, when

a corporation comprised of lay persons employs licensed physicians to treat patients and the corporation receives the fee, the corporation is unlawfully engaged in the practice of medicine."). As the Fifth Circuit has explained, "[i]n Texas . . . physicians are not employees of hospitals or similar facilities because the corporate practice of medicine is prohibited, with limited exceptions. Physicians attend patients as independent contractors or obtain privileges to practice at a hospital or medical facility." Bodin v. Vagshenian, 462 F.3d 481, 495 (5th Cir. 2006).

If the CMC Employment Agreement violates the prohibition on the corporate practice of medicine, then it is illegal and therefore void. See In re OCA, Inc., 552 F.3d 413, 422 (5th Cir. 2008) ("Under Texas law, a contract is illegal, and thus void, if the contract obligates the parties to perform an action that is forbidden by the law of the place where the action is to occur.").

### D. Application

#### 1. Arguments

Plaintiffs argue that, "because CMC directly employs Dr. Campbell and receives all fees for his services, CMC is illegally practicing medicine under the Act." Furthermore, none of the exceptions to the prohibition on the corporate practice of medicine are applicable, they contend. (D.E. 112 at 5-12.) Because the CMC Employment Agreement is illegal, it is void as a matter of law. As such, Dr. Campbell cannot be an employee of CMC and cannot establish an essential element of his immunity defense, namely his status as a governmental employee. Plaintiffs therefore request that the Court rule that Campbell may not raise an immunity defense. (D.E. 112 at 12-13.) Alternatively, Plaintiffs request that the court find that the illegality of the

CMC Employment Agreement is not an issue of genuine fact, consistent with Fed. R. Civ. P. 56(d)(1). (D.E. 112 at 13-14.)

Defendant Dr. Campbell makes three arguments in response. First, he contends that the doctrine of illegality, upon which Plaintiffs rely, is misplaced because it is an affirmative defense to the prospective enforcement of a contract. It does not allow third parties to "undo" a contract. (D.E. 119 at 5-6.) Second, Dr. Campbell contends that CMC, as a county-owned and operated hospital, is not subject to the corporate practice of medicine prohibition. (D.E. 119 at 6, 7-10 ("Simply put, the *corporate* practice of medicine prohibition does not forbid government entities like CMC from employing physicians to aid in their public missions to provide citizens with quality health care.").). Finally, Campbell argues that even if the CMC Employment Agreement is somehow void, he was still an agent of CMC at the relevant time, and is therefore entitled to official immunity. (D.E. 119 at 10-11.) Dr. Campbell also urges this Court to reject Plaintiffs' alternative request for relief, namely that the Court find the illegality of the CMC Employment Agreement is not a genuine issue of fact. (D.E. 119 at 11-12.)

2. **Analysis**[1]

At issue here is whether the prohibition on the corporate practice of medicine extends to governmental entities, such as CMC. As noted above, Texas Occupations Code Section 155.001 provides, "[a] person may not practice medicine in this state unless

---

[1] As an initial matter, the Court questions whether Plaintiffs have standing to argue that the CMC Employment Agreement is illegal under the Texas Medical Practice Act, so that they may then invalidate Defendant Campbell's immunity defense. Plaintiffs are neither parties to the CMC Employment Agreement nor third party beneficiaries thereof. Rather, their only interest in the CMC Employment Agreement is derived from this action and Dr. Campbell's immunity affirmative defense. Texas courts have rejected suits seeking to invalidate a contract under the Texas Medical Practice Act when the plaintiff was neither a party to the suit nor a third party beneficiary. See, e.g., Cassidy v. TeamHealth, Inc., 2009 WL 2231217, at *3 (Tex. App. – Houston [1st Dist.] July 23, 2009). Nevertheless, the Court addresses whether the CMC Employment Agreement violates the corporate practice of medicine prohibition, assuming without deciding that Plaintiffs have standing to bring this claim.

the person holds a license issued under this subtitle." The term "person" is defined in the Medical Practice Act as "an individual, unless the term is expressly made applicable to a partnership, association, or corporation." Tex. Occ. Code § 151.002(11). That definition does not include governmental entities.

In <u>Members of Bd. of Regents v. Hilley</u>, 1994 WL 708295 (Tex. App. – Dallas Dec. 21, 1994), the Texas appeals court issued a non-precedential opinion in which it held that the Texas Medical Practice Act's reference to "persons, firms, associations of persons, partnerships, and corporations," did not include the University of Texas system, as it "does not fit within any of these categories." Rather, "[t]he University is a branch of the University of Texas System, and, as such, is an agency of the State." <u>Id.</u> at *9. The court thus concluded that state agencies were not covered under the corporate practice of medicine prohibition. Though non-precedential, this decision is relevant to determining the extent of the corporate practice of medicine prohibition. Other case law also supports the conclusion that the prohibition does not extend to agencies of the state, such as a county hospital. As one court explained, "[t]he purpose of [the prohibition on the corporate practice of medicine] is to preserve the vitally important doctor-patient relationship and prevent possible abuses resulting from **lay control of corporations** employing licensed physicians to practice medicine." <u>Gupta</u>, 140 S.W.3d at 752 (emphasis added). Another court has similarly noted that "the doctrine prohibits a **corporation comprised of lay persons**, which employs licenses physicians to treat patients, from receiving a fee." <u>Fite v. Emtel, Inc.</u>, 2008 WL 4427676, at *6 (Tex. App. – Houston [1st Dist.] Oct. 2, 2008) (emphasis added).

Plaintiffs cite no authority that extends the corporate practice of medicine prohibition to county hospitals, nor has any been discovered in independent research. Plaintiffs' citation to legislative history and proposed legislation is not persuasive on this issue. In light of the available legal authority, the Court concludes that the corporate practice of medicine prohibition provided in the Texas Medical Practice Act does not extend to a county-owned hospital such as CMC. The CMC Employment Agreement thus cannot be invalidated on this ground.

## IV. Conclusion

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment on Defendant William Todd Campbell Jr. M.D.'s Affirmative Defenses of Official and Sovereign Immunity is DENIED. (D.E. 112.)

SIGNED and ORDERED this 17th day of December, 2010.

_____
Janis Graham Jack
United States District Judge