UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AJAY GAALLA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. V-10-14 |
| | § | |
| CITIZENS MEDICAL CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On this day came on to be considered Defendants' Motion to Stay this Case Pending Interlocutory Appeal of Immunity Issues.  (D.E. 182.)

On December 22, 2010, this Court denied Defendants' Motions for Summary Judgment, including the individual Defendants' Motions for Summary Judgment based upon the defense of qualified immunity.  (D.E. 177.)  The Board Member Defendants (Donald Day, Joe Bland, Dr. Andrew Clemmons, Jennifer Hartman, and Luis Guerra) filed a Notice of Appeal on December 23, 2010.  (D.E. 181.)  Also on December 23, 2010, Defendants CMC, David Brown, and the Board Member Defendants filed the motion presently before the Court, seeking to stay this case pending interlocutory appeal of the Court's Order denying summary judgment on qualified immunity grounds.  (D.E. 182.)  Defendant Dr. Campbell joined in this Motion.  (D.E. 186.)   Plaintiffs concede that a stay against Mr. Brown and the Board Member Defendants may be appropriate in light of their qualified immunity defense, but request that the case proceed against CMC and Dr. Campbell.  (D.E. 184.)

It is well established that "[a] district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is

divested of its jurisdiction to proceed against that defendant.  There is no difference in our analysis whether the appeal is from a denial of a motion to dismiss or from a denial of a motion for summary judgment."  Carty v. Rodriguez, 211 Fed. Appx. 292, 293 (5th Cir. 2006) (citing Williams v. Brooks, 996 F.2d 728, 730 n.2 (5th Cir. 1993)).   Here, the Court notes that Defendants waited until the dispositive motions deadline of November 15, 2010, to file their qualified immunity summary judgment motions, rather than attempting to resolve this legal issue at an earlier point in the case.  This is contrary to the Supreme Court's directive that qualified immunity issues should be resolved "at the earliest possible stage in litigation."   Hunter v. Bryant, 502 U.S. 224, 227 (1991). Notwithstanding this delay, a stay of the proceedings against the Board Member Defendants, Dr. Campbell, and Mr. Brown is appropriate while the interlocutory appeal is pending.

The only issue is whether this action should proceed against CMC, even if it is stayed as to the other Defendants.[1]  The Fifth Circuit has recognized that "[a] notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. . . .  [W]here an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal."  Alice L. v. Dusek, 492 F.3d 563, 564-65 (5th Cir. 2007).  Nevertheless, this Court and others in this District have stayed entire actions even when only certain parties claim qualified immunity, particularly where the claims are closely related.   See

---

[1] Plaintiffs objected to a stay with respect to Dr. Campbell on the grounds that he did not join in the Motion to Stay, or file a notice of appeal.  (D.E. 184 at 2 n.2.)  He has since done so.  (D.E. 185; 186.)

<u>Hernandez v. Horn</u>, 2:09-cv-163, D.E. 84; <u>Erxleben v. Bloomington Indep. Sch. Dist.</u>, 1996 WL 61490 (S.D. Tex. Jan. 29, 1996) (Rainey, J.).

Here, the claims against CMC and the individual Defendants are very closely interconnected, as Plaintiffs' claims against CMC itself are based largely upon the conduct of the individual Defendants.  (D.E. 187 at 2-3; <u>see generally</u> D.E. 177.)   The same underlying facts are at issue, and the same causes of action under 42 U.S.C. § 1983 are asserted against CMC, the Board Member Defendants, and Brown.  (D.E. 91 at 15-20.)   In light of the close relationship between the claims against CMC and the other Defendants, it is appropriate to stay this case in its entirety pending resolution of the qualified immunity issues on interlocutory appeal.

In light of the above, the Court GRANTS Defendants' Motion to Stay this Case Pending Interlocutory Appeal of Immunity Issues.  (D.E. 182.)   This action is STAYED until the interlocutory appeal is resolved.   The Court, however, retains jurisdiction to enforce the March 12, 2010 preliminary injunction against Defendant CMC.

SIGNED and ORDERED this 4th day of January, 2011.

_____
Janis Graham Jack
United States District Judge