UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AJAY GAALLA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. V-10-14 |
| | § | |
| CITIZENS MEDICAL CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On this day came on to be considered Plaintiffs' Motion for Leave to Lift Stay to Seek Sanctions (the "Motion"). (D.E. 203.) For the reasons stated herein, Plaintiffs' Motion for Leave to Lift Stay to Seek Sanctions is GRANTED IN PART. (D.E. 203.)

Plaintiffs' Motion requests that this Court lift its January 4, 2011 stay of this action (D.E. 191) as to Defendants Citizens' Medical Center ("CMC") and David Brown, so that Plaintiffs may "seek sanctions for [Defendants'] systematic and intentional destruction of documents during the pendency of this case." (D.E. 203 at 1.) Plaintiffs' Motion is based upon the retention and deletion of documents contained in CMC's virtual backup email system. (D.E. 203 at 4.) Defendants object both to the lifting of the stay and as to the merits of the Motion. Relevant here, they argue that Plaintiffs have improperly "combin[ed] a motion to lift the stay to seek sanctions with the actual motion for sanctions." (D.E. 206.) The Court agrees that these two motions should not be combined. As such, the present Order addresses only Plaintiffs' request to lift the stay, and leaves the merits of the dispute for a later date.

As an initial matter, the Court concludes that it lacks authority to lift its stay as to Defendant David Brown, because the stay was occasioned by Mr. Brown's appeal of this

Court's ruling on his qualified immunity defense. (D.E. 191.) The Fifth Circuit has explained:

> A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: **It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal**. . . .
>
> Although qualified immunity is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself, it is a right to immunity from certain claims, not from litigation in general. . . . To the extent that [Defendant] is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity.

Alice L. v. Dusek, 492 F.3d 593, 564-65 (5th Cir. 2007) (emphasis added); see also Clower v. Wells Fargo Bank, N.A., 381 Fed. App. 450, 451-52 (5th Cir. 2010) (citing Alice L.).

In this case, the Court's summary judgment order only allows claims under 42 U.S.C. § 1983 (substantive and procedural due process, equal protection) against Brown to proceed. (D.E. 177.) These are the same causes of action as to which Brown claims qualified immunity, and about which he has filed an appeal. As the Court "is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal," 492 F.3d at 565, and as discovery would necessarily relate only to the Section 1983 claims against Brown, the Court has no jurisdiction over Brown.

The Court's authority to lift its stay as to CMC is a different matter. In granting the stay, the Court explained, "in light of the close relationship between the claims against CMC and the other Defendants, it is appropriate to stay this case in its entirety

pending resolution of the qualified immunity issues on interlocutory appeal." (D.E. 191 at 3.) The stay as to CMC was thus meant to preserve judicial resources, and was not necessitated by a lack of jurisdiction. As such, the Court has discretion to lift its stay as to CMC to address the merits of Plaintiffs' Motion. See In re Tetra Applied Technologies LP, 362 F.3d 338, 340 (5th Cir. 2004). Here, Defendant CMC argues that the stay should not be lifted at this time, because the issue "lack[s] . . . urgency and . . . the historical facts will not change" even after the Fifth Circuit has issued its ruling on the pending appeal. (D.E. 206.) The Court nevertheless concludes that neither side will be well served by a significant delay in considering Plaintiffs' Motion, especially in light of the serious allegations Plaintiffs have made.

In light of the foregoing, Plaintiffs' Motion for Leave to Life Stay to Seek Sanctions is GRANTED IN PART. (D.E. 203.) The Court lifts its stay as to CMC for the sole purpose of addressing Plaintiffs' Motion. The hearing originally set in this action for May 13, 2011 is rescheduled for **May 17, 2011 at 1:15 pm**, to provide Defendant CMC with a full opportunity to address the merits of Plaintiffs' Motion.

SIGNED and ORDERED this 3rd day of May, 2011.

_____
Janis Graham Jack
United States District Judge