UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| AJAY GAALLA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. V-10-14 |
| § | |
| CITIZENS MEDICAL CENTER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On May 25, 2011, the Court held a hearing in the above-styled action to consider Plaintiffs' Motion to Seek Sanctions. (D.E. 203.)

Plaintiffs Harish Chandna, M.D., Dakshesh "Kumar" Parikh, M.D., and Ajay Gaalla, M.D., request severe sanctions for what they allege to be Defendant Citizens Medical Center's ("CMC") spoliation of evidence in this action. The Motion for Sanctions was originally based upon Plaintiffs' contention that CMC had a duty to preserve e-mails stored on CMC's "back-up" tapes or "disaster recovery system," which continued to be overwritten on a seven or fourteen day basis, even after filing of this lawsuit. As the briefing developed, Plaintiffs appeared to contend that even if deletion of the back-up tapes themselves did not violate any preservation duty, CMC's failure to preserve the back-up tapes, in conjunction with CMC's failure to take timely "snapshots" (meaning a record of all items) of relevant e-mail accounts, and evidence that certain CMC employees had deleted e-mails from their account at some point in the past, warrant severe sanctions up to and including entering default judgment against CMC. Defendant denies any breach of duty, as disaster recovery systems are rarely preserved even after litigation commences, and explains that it issued a litigation hold notice to CMC

1

employees in March 2010, after the filing of this action on February 24, 2010. Snapshots were taken of relevant email accounts in April and July 2010.

Spoliation is the destruction or the significant and meaningful alteration of evidence. Rimkus Consulting Group, Inc. v. Cammarata, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). "Electronically stored information is routinely deleted or altered and affirmative steps are often required to preserve it. Such deletions, alterations, and losses cannot be spoliation unless there is a duty to preserve the information, a culpable breach of that duty, and resulting prejudice." Id. Further, in this circuit, the severe sanctions of granting default judgment, striking pleadings, or giving adverse inference instructions may not be imposed unless there is evidence of "bad faith." Condrey v. SunTrust Bank of Ga., 431 F.3d 191, 203 (5th Cir. 2005); King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th Cir. 2003); United States v. Wise, 221 F.3d 140, 156 (5th Cir. 2000). "'Mere negligence is not enough' to warrant an instruction on spoliation." Russell v. Univ. of Tex. of Permian Basin, 234 Fed. Appx. 195, 208 (5th Cir. 2007) (unpublished) (quoting Vick v. Tex. Employment Comm'n, 514 F.2d 734, 737 (5th Cir.1975); see also King, 337 F.3d at 556) ("King must show that ICR acted in 'bad faith' to establish that it was entitled to an adverse inference."); Vick v. Tex. Employment Comm'n, 514 F.2d at 737 ("The adverse inference to be drawn from destruction of records is predicated on bad conduct of the defendant. Moreover, the circumstances of the act must manifest bad faith. Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case." (quotation omitted)).

In this case, it is doubtful that CMC had any duty to preserve its "back-up tapes" or "disaster recovery system." As one court has explained, a "litigation hold does not

apply to inaccessible backup tapes (e.g., those typically maintained solely for the purpose of disaster recovery), which may continue to be recycled on the schedule set forth in the company's policy. On the other hand, if backup tapes are accessible (i.e., actively used for information retrieval), then such tapes would likely be subject to the litigation hold. However, it does make sense to create one exception to this general rule. If a company can identify where particular employee documents are stored on backup tapes, then the tapes storing the documents of "key players" to the existing or threatened litigation should be preserved if the information contained on those tapes is not otherwise available. This exception applies to all backup tapes." Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 218 (S.D.N.Y. 2003); see Maggette v. BL Devel. Corp., 2009 WL 4346062, at *2 (N.D. Miss. Nov. 24, 2009) (citing Zubulake); Consolidated Aluminum Corp. v. Alcoa, Inc., 244 F.R.D. 335, 339 (M.D. La. 2006) (citing Zubulake). Plaintiffs have not sufficiently demonstrated that any exception to this general rule is applicable, necessitation preservation of back-up tapes.

Even if CMC had a duty to preserve disaster recovery emails, and in fact breached that duty, sanctions would still not be warranted, as Plaintiffs have not submitted sufficient evidence that CMC acted in "bad faith." When the litigation began, CMC issued a litigation hold to all employees, to cease deletion of emails. Soon after that, CMC took a "snapshot" of certain employees' email accounts who were identified as having relevant knowledge. Further snapshots were taken in July 2010. Moreover, at the May 25, 2011 hearing, counsel for CMC stated that the "first of the month" backups of the CMC email system (for the period between November 2009 and November 2010) have in fact been preserved, and are capable of being searched.

The issue of retaining or searching the disaster recovery system was never ordered or even addressed before this Court; indeed it appears that the parties never discussed it until the present issue arose.  The Court concludes that CMC took reasonable preservation steps in the context of this case, in light of CMC's litigation hold notice and the taking of "snapshots."  Rimkus, 688 F. Supp. 2d at 613 ("Whether preservation or discovery conduct is acceptable in a case depends on what is reasonable, and that in turn depends on whether what was done-or not done-was proportional to that case and consistent with clearly established applicable standards.").  While it is certainly possible that CMC could have done more, there is no evidence that CMC acted in bad faith, which is necessary for the imposition of sanctions.  Plaintiffs' speculation that CMC employees purposefully deleted relevant emails after the filing of this lawsuit is insufficient to warrant the severe sanctions sought.

In light of the foregoing, the Court must deny Plaintiffs' Motion for Sanctions. (D.E. 203.)  During the hearing, however, the Court addressed certain additional steps that would allow Plaintiffs to conduct a further search of CMC's email system.  The Court ORDERS as follows:

(1) From May 25, 2011 until the Court orders otherwise, the e-mail accounts of all persons designated by Plaintiffs shall be retained through a "journaling" process on a regular basis (as described during the hearing), such that all e-mails are retained indefinitely, and not deleted permanently;

(2) From May 25, 2011 until the Court orders otherwise, the "disaster recovery first of month" e-mail files (available from November 1, 2009 to November 1, 2010) shall be preserved in their current state.  Plaintiffs' expert (David McGroty) shall

4

be allowed to search those emails, during normal business hours at the expert's convenience. The parties shall agree on the e-mail accounts to be searched on the "disaster recovery first of month" system.

(3) Defendant CMC shall search the e-mail accounts of (a) Loretta Salinas, (b) Darlene Lewis, and (c) Donna Richterman and submit the results to Plaintiffs no later than June 4, 2011.

(4) The parties shall agree on a preservation order with respect to the e-mails of CMC employees identified by Plaintiff, and submit that order to the Court.

(5) Defendant shall pay the costs of the searches described above, subject to reconsideration based upon the results of this search. Plaintiffs, however, shall pay costs associated with their own expert.

SIGNED and ORDERED this 27th day of May, 2011.

_____
Janis Graham Jack
United States District Judge

5