UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AJAY GAALLA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. V-10-14 |
| | § | |
| CITIZENS MEDICAL CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

On remand from the Fifth Circuit Court of Appeals, the Court DISMISSES WITH PREJUDICE Plaintiffs' substantive and procedural due process claims against all Defendants, for the reasons stated herein.

In Gaalla v. Brown, 2012 WL 512687 (5th Cir. Feb. 16, 2012), the Fifth Circuit held that Plaintiffs' substantive due process claims must fail because the February 17, 2010 board resolution passed by Defendant Citizens Medical Center ("CMC") was a legislative act[1] under the meaning of Martin v. Mem. Hosp. at Gulfport, 130 F.3d 1143, 1149 (5th Cir. 1997) and Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 384 (5th Cir. 2001) and thus subject only to rational basis review, which it passed.[2,3] The Fifth Circuit also held that Plaintiffs' procedural due process claims must fail because legislative acts are not subject to procedural due process constraints.[4]

---

[1] In an earlier opinion addressing a preliminary injunction in this case, the Fifth Circuit held that the February 17, 2010 board resolution was a legislative act. Gaalla v. Citizens Medical Center, 407 F.App'x 810, 813-14 (5th Cir. Jan. 18, 2011). In the February 16, 2012 opinion, the Fifth Circuit held that its determination in its January 2011 opinion was now the law of the case. Gaalla v. Brown, 2012 WL at *4.
[2] Gaalla v. Brown, 2012 WL at *5.
[3] In the Fifth Circuit's January 2011 opinion, it held that preventing the hospital's only cardiovascular surgeon from leaving CMC was a conceivable rational basis for closing the cardiology department, in light of alleged personal and professional disputes between that surgeon and the Plaintiffs. Gaalla v. Citizens Medical Center, 407 F.App'x at 814-815.
[4] Gaalla v. Brown, 2012 WL at *5.

The Fifth Circuit reversed the Court's denial[5] of Defendants' summary judgment motions as to Plaintiff's due process claims based on their property interest in medical staff privileges. The Fifth Circuit remanded these due process claims to the Court and ordered the Court to dismiss such claims. 2012 WL at *9. Defendant CMC did not join in the appeal to the Fifth Circuit on the Court's denial of summary judgment; however, the Fifth Circuit's opinion did not exclude CMC from its mandated remedy, and the "legislative act" doctrine applies to a public entity defendant just as it does to an individual defendant. Martin, 130 F.3d at 1149.

Pursuant to the direction of the Fifth Circuit, the Court hereby DISMISSES WITH PREJUDICE Plaintiffs' substantive and procedural due process claims against Defendants CMC, David P. Brown, Donald Day, Joe Bland, Andrew Clemmons, M.D., Jennifer Hartman, and Luis Guerra. Additionally, CMC's Motion for Leave to File its Motion for Partial Summary Judgment on Plaintiffs' Due Process Claims Based on Fifth Circuit Opinion (D.E. 255) is hereby DENIED as moot.

SIGNED and ORDERED this 19th day of April, 2012.

_____
Janis Graham Jack
Senior United States District Judge

---

[5] Order of December 22, 2010 (D.E. 177).