UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AJAY GAALLA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. V-10-14 |
| | § | |
| CITIZENS MEDICAL CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered Defendants' Motion for Leave to File Their Motion for Summary Judgment Based on Absolute Immunity ("Defendants' Motion for Leave") (D.E. 256). For the reasons discussed herein, Defendants' Motion for Leave is GRANTED.

### I.   Procedural Background

Following the February 16, 2012 opinion[1] in this case by the Fifth Circuit Court of Appeals, the individual Defendants who are board members[2] of Citizens Medical Center (the "Board Member Defendants") and Defendant David P. Brown filed their Motion for Leave. Attached to Defendants' Motion for Leave was a proposed Motion for Summary Judgment Based on Absolute Immunity ("Defendants' Motion for Summary Judgment") (D.E. 256-1). In Defendants' Motion for Leave, they request permission to file Defendants' Motion for Summary Judgment despite that the deadline for dispositive motions in the Court's original Scheduling Order (D.E. 28) was November 15, 2010. Defendants' Motion for Summary Judgment is inspired by the Fifth Circuit's February 16, 2012 decision, which held that its January 2011 decision[3] that the Citizens Medical Center ("CMC") board resolution of February 17, 2010 (the

---

[1] Gaalla v. Brown, 2012 WL 512687 (5th Cir. Feb. 16, 2012).
[2] Claims against Board Member Defendant Paul Holm were dismissed by the Court in its Order of December 22, 2010. (D.E. 177, at 30.) Mr. Holm is thus not one of the movants.
[3] Gaalla v. Citizens Medical Center, 407 F.App'x 810, 813-14 (5th Cir. Jan 18, 2011).

"Board Resolution") was a "legislative act" is now the law of the case. Based on this judicial ruling that the Board Resolution is a legislative act, Defendants wish, via their Motion for Summary Judgment, to assert an affirmative defense of absolute immunity as to Plaintiffs' claims against them based on the Board Resolution[4]. Defendants argue that the Fifth Circuit's determination that the Board Resolution is a legislative act "provides [them] with a basis for dismissal that did not arise until after the November 15, 2010 deadline for dispositive motions." (D.E. 256, at 2.)

## II. Discussion

### A. Standard for Allowing Dilatory Pleading of an Affirmative Defense

Under Rule 8(c), an affirmative defense must normally be pleaded in the defendant's answer. Here, Defendants never pleaded the defense of absolute immunity for legislative acts in their answers. Defendant David P. Brown pleaded qualified immunity, official immunity, and governmental immunity in his First Amended Answer (D.E. 101, at ¶¶ 85-87), and the Board Member Defendants pleaded (inter alia) the same three affirmative defenses in their First Amended Answer (D.E. 102, at ¶¶ 85-87); however, none of these Defendants[5] pleaded absolute immunity for a legislative act. Still, in the Fifth Circuit a defendant is allowed to plead an affirmative defense after the answer, if "in a manner that does not result in unfair surprise"... and "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." Rogers v. McDorman, 521 F.3d 381, 385-86 (5th Cir. 2008). "Prejudice" in this context means that the plaintiff did not have "sufficient notice to prepare for and contest the

---

[4] Plaintiffs' equal protection claims against the Board Member Defendants are based only on the Board Resolution. Plaintiffs' equal protection claims against Defendant David P. Brown are based on the Board Resolution and some other alleged discriminatory acts.

[5] In their respective answers, Defendant David P. Brown and the Board Member Defendants also incorporated by reference "any affirmative defense asserted by other defendants in this matter." However, neither Defendant CMC nor Defendant William Todd Campbell, Jr. asserted the affirmative defense of absolute immunity for a legislative act in its/his answer. (Of course, the absolute immunity defense applies only to individual defendants, so it would not be applicable to CMC.)

defense." Id. at 387.  In Rogers and similar cases such as Allied Chem. Corp. v. Mackay, 695 F.2d 854, 855-56 (5th Cir. 2008), the Fifth Circuit has held that an affirmative defense was not waived where the defendant raised the issue(s) underlying the affirmative defense in pre-trial filings, even if the affirmative defense was not mentioned by name.

In the instant case, Plaintiffs are well aware of the absolute immunity issue and the question is one of law, rather than of facts, so there would be little unfairness or prejudice in allowing Defendants to plead that affirmative defense now.  Defendants have been arguing that the Board Resolution is a legislative act since the time they initially appealed[6] this Court's preliminary injunction to the Fifth Circuit in 2010.  (D.E. 33.)  As in Rogers, Defendants have been arguing the issue underlying an absolute immunity defense for two years now, although they did not specifically plead absolute immunity in their answers.  Allowing Defendants to raise the affirmative defense of absolute immunity after the pleadings is well within the Court's discretion.

### B.  Standard for Allowing a Dilatory Dispositive Motion

Not only would Defendants' Motion for Summary Judgment come after the pleadings, but it would also come after the Court's deadline of November 15, 2010 for dispositive motions. Without counting the approximately 13 months during which this case was stayed pursuant to the Court's order of January 4, 2011 (D.E. 191), over three months have passed since the original deadline for dispositive motions.  Under Rule 16(b)(4), a district court may extend deadlines in its scheduling order for "good cause," and the court's decisions on controlling its own docket are within its "broad discretion."  Edwards v. Cass Cnty., Tex., 919 F.2d 273, 275 (5th Cir. 1990).

---

[6] In Defendants' Fifth Circuit appellate brief (Brief of Appellants, Citizens Medical Center v. Gaalla, 2010 WL 4619589, *34-37 (5th Cir. May 14, 2010)), Defendants argued by analogy to similar cases that the Board Resolution was a legislative act.  (D.E. 269, at 4.)

The party seeking relief must show that the deadlines could not "reasonably be met despite the diligence of the party needing the extension." S&W Enters., L.L.C.v. Southwest Bank of Alabama, 315 F.3d 533, 536 (5th Cir. 2003). The S&W court adopted a four-part test for deciding whether to grant or deny a request to modify a scheduling order: (1) The explanation for the failure to timely file the motion; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. Also see Hernandez v. Mario's Auto Sales, Inc., 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citing Reliance Ins. Co. v. La. Land & Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997)) (applying the four-part test in the context of an untimely motion to submit expert reports).

In the instant case, (1) there is no reason why Defendants could not have filed a motion for summary judgment on the absolute immunity issue prior to the November 15, 2010 deadline for dispositive motions, as they did not need the legal conclusion of the Fifth Circuit in order to argue that the Board Resolution was a legislative act; (2) Defendants' Motion for Summary Judgment would certainly be important to this case, as, if granted, it would immediately remove all of the Board Member Defendants from the case and would remove some of the equal protection claims against Defendant David P. Brown; (3) on the question of prejudice, as Defendants argue in their Reply Brief (D.E. 274) in support of their Motion for Leave, there are many months remaining until trial and Plaintiffs would not need to conduct much, if any, discovery in relation to Defendants' Motion for Summary Judgment. (D.E. 274, at 4, n. 1.) The question of whether Defendants are entitled to absolute immunity is a matter of law, as it is undisputed that the Board Member Defendants and David P. Brown were personally responsible for passing the Board Resolution, which the Fifth Circuit has determined to be a legislative act;

and finally, (4) as Plaintiffs would not suffer prejudice from allowing filing of Defendants' Motion for Summary Judgment, it is not necessary to consider a continuance.

Although Defendants could have filed a timely summary judgment motion on the absolute immunity issue prior to the dispositive motion deadline, the proposed Motion for Summary Judgment would potentially be an important means of simplifying the parties and claims involved in this case, and it would not involve any prejudice to Plaintiffs. Thus, Defendants have shown good cause for modifying the scheduling order and allowing a late summary judgment motion.

### III. Conclusion

For good cause under Rule 16(b)(4), Defendants' Motion for Leave is hereby GRANTED. The Clerk of the Court shall file Defendants' Motion for Summary Judgment Based on Absolute Immunity, attached as Exhibit A to Defendants' Motion for Leave, among the papers on the docket.

SIGNED and ORDERED this 19th day of April, 2012.

_____
Janis Graham Jack
Senior United States District Judge