UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| AJAY GAALLA, *et al*, § § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 6-10-14 |
| § | |
| CITIZENS MEDICAL CENTER, *et al*, § § | |
| Defendants. § | |

## **MEMORANDUM OPINION**

After two trips to the Fifth Circuit, the federal claim that remains in this case alleges that Citizens Medical Center, a county-owned hospital, and the Individual Defendants[1] violated the equal protection rights of Plaintiffs, a group of cardiologists of Indian origin ("the Cardiologists"). With respect to the Individual Defendants who are members of Citizens Medical Center's Board of Directors, the equal protection claim is based entirely on the Resolution the hospital board passed stating that only cardiologists who had contracts with the hospital could exercise clinical privileges there. The Cardiologists' claim against Individual Defendant David P. Brown, the administrator of the hospital, relies on additional claims of discrimination.

---

[1] Individual Defendants are hospital board members Donald Day, Joe Bland, Dr. Andrew Clemmons, Jennifer Harman, and Luis Guerra ("Board Members") and hospital administrator David P. Brown.

1

In dismissing the due process claims the Cardiologists alleged, the Fifth Circuit held that the Resolution was "a legislative act" as opposed to an adjudicative one. Relying on that ruling, the Individual Defendants seek summary judgment on the Cardiologists' equal protection claim. Their motion contends that they are entitled to absolute legislative immunity because they were acting in a legislative capacity in passing the Resolution. Because the Fifth Circuit has already held that the Resolution was a legislative act and the Cardiologists do not offer a compelling reason why that same reasoning should not apply in the context of a legislative immunity claim, the Motion for Summary Judgment Based on Absolute Immunity is GRANTED.

## I.     Background

After the Cardiologists filed this lawsuit, the Court (Jack, J.) granted a preliminary injunction in their favor, which the hospital appealed. The Fifth Circuit reversed, finding that the Resolution was a legislative act for the purposes of analyzing the Cardiologists' due process claims. *Gaalla v. Citizens Medical Center*, 407 F. App'x 810, 813–14 (5th Cir. 2010) (*Gaalla I*). Applying rational basis scrutiny that applies to legislative acts, the Fifth Circuit found that preventing cardiac surgeon Dr. Yahagi from leaving the hospital was a conceivable rational basis for passing the Resolution. *Id.* at 814–15. Because the Cardiologists' due

process claim did not have a substantial likelihood of success on the merits, the Fifth Circuit reversed the grant of preliminary injunction. *Id.* at 815.

While the injunction ruling was on appeal, Individual Defendants filed motions for summary judgment on qualified immunity grounds, which Judge Jack denied. On a second interlocutory appeal, the Fifth Circuit reversed the denial of summary judgment with respect to the Cardiologists' due process claim and affirmed with respect to the equal protection claim. *Gaalla v. Brown*, 460 F. App'x 469, 481 (5th Cir. 2012) (*Gaalla II*). The Fifth Circuit determined that its previous finding—that passage of the Resolution was a legislative rather than administrative act within the meaning of the Due Process Clause—was the binding law of this case. *Id.* at 476. It is this ruling that the Individual Defendants now contend warrants dismissal of Plaintiffs' equal protection claim on legislative immunity grounds.[2]

## II. Discussion

### A. The Law of Legislative Immunity

Summary judgment is appropriate when undisputed facts establish an immunity defense. Fed. R. Civ. P. 56(a); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633–34 (5th Cir. 2000) (affirming grant of summary judgment on absolute immunity grounds). Federal, state, regional, and local

---

[2] *See* Order 1, ECF No. 286 (granting Individual Def.s' Mot. for Leave to File a Mot. for Summ. J. Based on Absolute Immunity, ECF No. 256).

legislators are entitled to absolute immunity from liability under 42 U.S.C. § 1983 when they act in a legislative capacity. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Such immunity provides protection to officials for actions that are "an integral part of the deliberative and communicative processes" relating to "the consideration and passage or rejection of proposed legislation." *Gravel v. United States*, 408 U.S. 606, 625 (1972).

Officials outside of the legislative branch are also entitled to absolute immunity when they perform legislative functions. *Bogan*, 523 U.S. at 55. This includes appointed regional officials. *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 399, 405–06 (1979) (holding that appointed members of a regional planning board were entitled to legislative immunity to the extent they were acting in a legislative capacity); *see also Bannum, Inc. v. City of Beaumont*, 236 F. Supp. 2d 633, 635 (E.D. Tex. 2002) (explaining that legislative immunity applies to individuals performing legislative acts "regardless of the title of their positions, and regardless of whether they were elected or appointed" in granting legislative immunity to members of a city planning and zoning committee).

The Cardiologists argue that legislative immunity should not apply to unelected officials like the Individual Defendants. Pls.' Resp. to Indiv. Defs.' Mot. for Summ. J. 18, ECF No. 292. But legislative immunity's purpose of making

4

individuals "feel more comfortable volunteering to perform public-service functions, such as serving on their local school board"—or, as in this case, the board of a public hospital—applies regardless of whether the officials are elected. *Smith v. Jefferson Cnty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 219 (6th Cir. 2011); *see also Bogan*, 523 U.S. at 52 (explaining that "the threat of liability may significantly deter service in local government, where prestige and pecuniary rewards may pale in comparison to the threat of civil liability").

While legislative acts by public officials are entitled to absolute immunity, acts that are administrative in nature are entitled only to qualified immunity. *Hughes v. Tarrant Cnty.*, 948 F.2d 918, 920 (5th Cir. 1991). Whether an act qualifies as legislative or administrative turns on the nature of the act, rather than the motive of the official performing the act. *Bogan*, 523 U.S. at 54. Such determinations, therefore, should be made without "considerations of intent and motive." *Id.* at 55. Legislative acts typically involve "generalizations concerning a policy or state of affairs," as opposed to "more specific" administrative acts that "relate to particular individuals or situations." *Hughes*, 948 F.2d at 921 (citations omitted).

### B. The Fifth Circuit's Analysis Also Establishes Legislative Immunity

The Fifth Circuit's description of the Resolution as a legislative act came not in the context of an immunity analysis, but in assessing the Cardiologists' due

5

process claim. *Gaalla II*, 460 F. App'x at 475–77. In the due process context, a dichotomy exists between legislative acts, which are subject to only rational basis review, and adjudicative acts, which are subject to heightened review and certain procedural requirements. *See, e.g.*, *Shelton v. City of College Station*, 780 F.2d 475, 479 (5th Cir. 1986) ("A regulatory decision can be legislative or it can be adjudicative, and it will be reviewed differently depending on which category it is placed into.") Thus, the primary issue in this summary judgment motion is whether the Fifth Circuit's finding that the Resolution is a legislative act under due process law also means the Resolution is a legislative activity in the immunity context.

The Court concludes that the same rationale for the Fifth Circuit finding that the Resolution was a legislative act for due process purposes establishes the Individual Defendants' immunity defense. An act is legislative for due process purposes when it is "general in its scope rather than targeted on a specific individual." *Ind. Land Co. v. City of Greenwood*, 378 F.3d 705, 710 (7th Cir. 2004). The Fifth Circuit's finding that the Resolution was a legislative act "because it excludes *any* cardiologist seeking to practice at [the hospital] without a contract with the hospital" turned on the same considerations that separate legislative and administrative acts in the immunity context. *Gaalla I*, 407 Fed. App'x at 813–14 (emphasis added). The similarity of the two inquiries is why the

6

Sixth Circuit recently concluded that a due process "legislative act" finding also warranted a finding of legislative immunity. *Smith*, 641 F.3d at 218–19 ("Because we determined in our analysis of the teachers' procedural-due-process claim that the Board was performing a legislative function, we conclude that the members of the Board are entitled to legislative immunity in their *individual* capacities."). Indeed, the Cardiologists are unable to cite any case rejecting immunity for an act deemed legislative in the due process context, or vice versa.

The Cardiologists also contend that legislative immunity does not apply to claims based on intentional discrimination. But the Supreme Courts' *Bogan* decision, a leading case on absolute immunity doctrine, involved a claim of racial animus. 523 U.S. at 47. And the Cardiologists cite no case holding that there are exceptions to legislative immunity depending on the type of claim. Absolute immunity protects individual legislators from claims based on a variety of constitutional rights. *See, e.g.*, *Bogan*, 523 U.S. at 46–48 (detailing plaintiff's claims of racial discrimination and First Amendment violations); *Lake Country Estates*, 440 U.S. at 394–95 (explaining plaintiffs' constitutional takings claim). That is why such constitutional claims are typically alleged against the governmental entity enforcing a law rather than the legislators who enacted it.

7

### C. The Cardiologists' Other Attempts to Distinguish the Fifth Circuit Ruling Fail

The Cardiologists other attempts to get around the Fifth Circuit's legislative act finding fail.  First, the Cardiologists contend that the Fifth Circuit rejected the possibility of legislative immunity when it stated that evidence of intentional racial discrimination will foreclose "any immunity defense."  *Gaalla II*, 460 F. App'x at 478–79 (quoting *Piatt v. City of Austin*, 378 F. App'x 466, 469 (5th Cir. 2010)).  This argument ignores that the context of judicial opinions matters.  The "any immunity defense" quotation, which was qualified with a "generally" and recited only in a parenthetical quoting *Piatt*, comes from cases in which defendants only asserted qualified immunity.  *Gaalla II*, 460 F. App'x at 474; *see also Piatt,* 378 F. App'x at 467.  This "any immunity defense" language therefore cannot reasonably be read as a ruling on the different type of immunity defense now before the Court.

The Cardiologists' argument that the Individual Defendants admitted in previous pleadings that the Resolution was an administrative act also ignores context.  None of the "admissions" Cardiologists cite were made in discussing legislative immunity.  The term "administrative" has many common usages outside that fairly obscure corner of the law.

The Cardiologists' attempt to draw a distinction between the Resolution's passage and its implementation also fails.  The two alleged discriminatory acts of implementation in this case—a memo to the hospital staff and an email to the

8

emergency room director—were performed solely by Individual Defendant Brown, on the same day as the Resolution's passage, to inform the hospital staff of its passage. These activities fall "'in the sphere of legitimate legislative activity'" contemplated by the Supreme Court in articulating the extent of absolute legislative immunity. *Bogan*, 523 U.S. at 54 (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)); *see also id.* at 55 (holding that introducing a budget and signing an ordinance into law were legislative actions because they were "integral steps in the legislative process").

Finally, the Cardiologists contend that a legislative immunity defense does not bar suit against the Individual Defendants in their official capacities. True, but that argument faces two other problems. First, the Cardiologists have not asserted a claim against the Individual Defendants in their official capacities. Second, if such claims were asserted, the Court would dismiss them because claims against an individual acting in his official capacity are properly dismissed as redundant when the entity with which the individual is associated is also a defendant. *See, e.g.*, *King v. Louisiana*, 294 F. App'x 77, 83 (5th Cir. 2008) (per curiam) (affirming dismissal of defendant state employees sued in their official capacities); *Walston v. City of Port Neches*, 980 F. Supp. 872, 878 (E.D. Tex 1997) (granting summary judgment in favor of defendant sued in his official capacity as redundant and unnecessary); *see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (explaining

9

that official capacity suits "generally represent only another way of pleading an action against an entity" (citations omitted)).

## IV.    Conclusion

The Individual Defendants have established as a matter of law that legislative immunity protects them from equal protection claims arising out of their role in passing the Resolution.  For the foregoing reasons, Individual Defendants' Motion for Summary Judgment Based on Absolute Immunity (Docket Entry No. 287) is GRANTED.  This results in dismissal of the equal protection claim against the Board Members and narrows the scope of the claim asserted against Individual Defendant Brown to acts other than his involvement with the Resolution.

**SIGNED this 10th day of July, 2012.**

_____
Gregg Costa
**United States District Judge**