UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| AJAY GAALLA, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 6-10-14 |
| § | |
| CITIZENS MEDICAL CENTER, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

The remaining federal claim in this case alleges that county-owned hospital Citizens Medical Center ("the Hospital") and Individual Defendant David P. Brown violated the equal protection rights of Plaintiffs, Drs. Ajay Gaalla, Harish Chandna, and Dakeshesh "Kumar" Parikh ("the Cardiologists"). The Cardiologists, in Plaintiffs' Motion for Entry of Amended Scheduling Order, have requested leave to amend their complaint to assert a negligent supervision claim under 42 U.S.C. § 1983 against Defendant Brown as well as the Individual Defendants[1] previously dismissed from this lawsuit on absolute immunity grounds. At a scheduling conference held on July 9, 2012, the Cardiologists also requested

---

[1] The Individual Defendants are hospital board members Donald Day, Joe Bland, Dr. Andrew Clemmons, Jennifer Hartman, and Luis Guerra. Hereinafter, "Individual Defendants" also includes hospital administrator David P. Brown.

leave to add a section 1983 claim against Defendant Dr. Campbell.  Both motions to amend for the purposes of including these section 1983 claims are DENIED.[2]

## I. BACKGROUND

This case has a complex history, including two interlocutory appeals to the Fifth Circuit.  The case was originally filed in February 2010 and the Court (Jack, J.) set an amended pleadings deadline of August 16, 2010.  The Cardiologists timely filed two amended complaints.  In November, the Individual Defendants filed motions for summary judgment asserting that, among other things, the suit was barred under the doctrine of qualified immunity.  In ruling on these motions, the Court granted in part and denied in part, and the Individual Defendants appealed.  The Fifth Circuit held that the Individual Defendants were entitled to qualified immunity on the Cardiologists' due process claim, but not their equal protection claim.  *Gaalla v. Citizens Medical Center*, 460 F. App'x 469, 475–79 (5th Cir. 2012).

On remand, the Individual Defendants requested leave to file a motion for summary judgment on absolute immunity grounds, which the Court granted.  After full briefing on the absolute immunity issue, the Court granted the Individual Defendants' motion.  Mem. Op. 2, ECF No. 307.  Brown remains a party to this

---

[2] At the July status conference, the Court ruled on the Cardiologists' request for leave to file an amended complaint to modify the complaint in other ways.  *See* Status Conference Tr. 7, ECF No. 313.  That ruling stands, and this Order only deals with the Cardiologists attempt to include new section 1983 claims in the amended complaint that they are permitted to file.

case based on additional claims of discrimination for which the Fifth Circuit ruled he was not entitled to legislative immunity; his motion for summary judgment on those remaining claims is pending.

Dr. Campbell filed his motion for summary judgment on November 26, 2010. The Court (Jack, J.) dismissed the civil conspiracy claim against him and the Cardiologists did not appeal that ruling. Following the more recent Fifth Circuit remand, Dr. Campbell requested, and was granted, leave to file a motion to dismiss the remaining state-law claims against him—tortious interference with contractual relations, tortious interference with prospective relations, and defamation—for lack of supplemental jurisdiction. That motion is pending.

While the Individual Defendants' motion for summary judgment on absolute immunity grounds and Dr. Campbell's motion for leave to file a motion to dismiss were pending, the Cardiologists filed their First Amended Motion for Entry of Amended Scheduling Order on May 29, 2012.

## II.  DISCUSSION

After scheduling order deadlines have passed, a party must demonstrate good cause before leave will be granted to amend an operative pleading. Fed. R. Civ. P. 16(b)(4); *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010). The good cause standard requires the party seeking relief to demonstrate why, despite the party's diligence, it could not reasonably meet the

scheduling deadlines. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). The district court examines four factors when considering whether leave to amend is appropriate: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux*, 607 F.3d at 167 (citation omitted). The court is given broad discretion in deciding such a motion, in order to "preserve the integrity and purpose of the pretrial order." *S&W Enters.*, 315 F.3d at 535 (citations and internal quotation marks omitted).

  A. **Section 1983 Claim Against the Individual Defendants**

  The Cardiologists have failed to demonstrate good cause to amend their complaint to add the supervisor liability claim against the Individual Defendants. The motion for leave to amend is untimely: the Cardiologists moved to add this cause of action on May 7, 2012, more than two years after suit was filed and twenty-one months after the deadline for amended pleadings had passed. The Cardiologists offered no explanation for why this claim had not been asserted in its original complaint, or even its first or second amended complaints, other than to say they "did not deem it necessary to expressly assert supervisor liability claims." Pls.' First Am. Mot. for Entry of Am. Scheduling Order 8–9, ECF No. 289. Once

the Individual Defendants moved for summary judgment based on absolute immunity, however, they contend "it became necessary for Plaintiffs to expressly assert supervisor liability claims against the Individual Defendants to preserve the ability to hold the Individual Defendants liable for their misconduct." *Id.* at 9.

This proffered reason does not adequately explain the Cardiologists' failure to timely move for leave to amend. Indisputably, the Cardiologists could have asserted such a claim from the beginning of this litigation. This is not a situation in which the claim they seek to add is based on newly discovered evidence. Instead, they seek to assert the new claim because their original claims proved unsuccessful.

Amendment at this late stage in the litigation would prejudice the Individual Defendants. Amending the complaint to add a new claim more than two years into the litigation and less than six months before trial cannot be said to put the Individual Defendants fairly on notice, nor would it give them time to adequately prepare a defense. Additionally, the majority of the discovery in this case has already taken place. New claims might necessitate new discovery, new motions for summary judgment on immunity grounds, and possibly new interlocutory appeals that would further prolong this already delayed case. The Court is not inclined to order continuances in light of the amount of time this case has been pending and the approaching trial date. It is in the interest of all remaining parties

to try this case soon, as we are approaching its three year anniversary. Compounding the prejudice is the dismissal of all other claims against the Individual Defendants, except Defendant Brown. The amendment decision is not just about how many claims the Individual Defendants face but whether they continue to be part of this suit in which the claims originally asserted against them have already been rejected.

The Court also finds that the sought amendment is not likely to significantly improve the Cardiologists chances in this case. The Individual Defendants contend that a recent Supreme Court decision casts doubt on the continued viability of supervisor liability claims under section 1983 against individuals who themselves did not have discriminatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Aside from that legal issue, which the Court need not address other than to note it raises a substantial question, the Court provided Cardiologists an opportunity to demonstrate the factual basis for their claim that Board Members did not adequately supervise hospital employees who were engaged in discrimination. The evidence presented of the Board's knowledge of that discrimination is not strong. The legal and factual challenges the supervisory liability claims would face, especially when compared to the remaining claims that have already survived multiple reviews in both the district and appellate courts and

seek the same relief as the new section 1983 claims, undermines the Cardiologists contention about the importance of the new claims.

For these reasons, amending to add new section 1983 claims is not warranted. *See also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (upholding trial court's denial of leave to amend to assert a new claim, despite claimed importance of amendment to plaintiff, when plaintiff offered no explanation for failure to timely move for leave to amend and because of resulting prejudice to defendant of adding a claim late in the litigation).

### B. Section 1983 Claim Against Dr. Campbell

The Cardiologists likewise have failed to show good cause to grant leave to amend to add a section 1983 claim against Dr. Campbell. The request to add this claim is even more dilatory, having only been raised at the July 9 conference. The Cardiologists offer as an explanation their belief that they could not originally bring a section 1983 against Dr. Campbell. They argue that they thought Dr. Campbell was a private person and not a state actor, since a government-owned hospital cannot legally employ a physician, making a section 1983 claim improper. The Cardiologists' theory was rejected by the Court in December 2010 when it ruled that Dr. Campbell's employment agreement was not illegal. *See* Order 7–9, ECF No. 170. The Cardiologists offer no compelling reason for their failure to

request leave to amend after the December 2010 ruling or in their motion for leave to amend filed earlier this year after the Fifth Circuit remand.

Dr. Campbell will be prejudiced by granting leave to amend at this late stage, as the amendment would alter the complexion of the claims asserted against him by adding a federal constitutional claim to what are currently only state-law tort claims; the Court is not inclined to further prolong this litigation with a continuance; the claim is likely to be subject to dispositive motions raising significant issues; and these factors outweigh the importance to the Cardiologists of bringing the section 1983 claim. Granting leave to amend to add this claim is therefore inappropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Entry of Amended Scheduling Order (ECF No. 253) is **DENIED** for the purpose of amending the complaint to add a section 1983 claim against the Individual Defendants. The oral motion made July 9, 2012 to amend the complaint to assert a section 1983 claim against Dr. Campbell is also **DENIED**.

**IT IS ORDERED** that trial in this matter will commence Monday, January 7, 2013 at 1:30 p.m. in the District Court for the Southern District of Texas, Victoria Division.  **IT IS FURTHER ORDERED** that the date and time for the final pretrial conference in this matter will be announced in a later order.

SIGNED this 3rd day of August, 2012.

_____
Gregg Costa
United States District Judge